IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**Bobby Wedgworth,**

    **Plaintiff,**

vs.                                                                                   Jury Trial Demanded

**Shelby County Government,**

    **Defendant.**

---

## Complaint

---

Comes now Plaintiff, by and through counsel of record, and files this complaint pursuant to Civil Rights Violations of Title I and VII Discrimination under the ADA, Due Process and Equal Protection Violations, and 42 U.S.C. 1983. Plaintiff is also alleging Breach of Contract.

In addition, Plaintiff's intent is to argue any and all causes of action that are related to the facts presented in this Complaint.

### I. JURISDICTION AND VENUE

1. The wrongful acts, omissions, and injuries complained of and addressed in this Complaint occurred in Memphis, Shelby County, Tennessee and venue is proper in this court.

2. Plaintiff at all relevant times was a resident of Shelby County, in Memphis, TN.

3. Defendant, is Shelby County Government, in Memphis, TN, and who has more than 100 employees. Defendant has no immunity, but even if Defendant were to assert any alleged immunity, due to the intentional and negligent acts of its employees, any alleged immunity would be waived.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343(a)(3),

1343(a)(4), and Title VII.

5.Venue is proper in this District Court pursuant to 28 U.S.C. § 1391(e).

## II. FACTS

6.On October 11, 2022, Plaintiff was officially discharged by Defendant, but Plaintiff had not been paid a salary by Defendant since June of 2022.

7.Plaintiff started his employment with the Shelby County Sherriff's Department on January 16, 2015.

8.Plaintiff was a good worker with a positive work history with Defendant.

9.Prior to his employment, Plaintiff suffered from, and was diagnosed with PTSD, due in part to his status as a former member of the military.

10.Plaintiff, despite this fact, was able to successfully do his job with Defendant as an deputy of the Sherriff's Department.

11.Plaintiff, while working for Defendant on or about August 5, 2019, was involved in an incident where Plaintiff was stabbed, and had to discharge his weapon.

12.Based on Defendant's policies, Plaintiff was supposed to receive psychological assistance from the Traumatic Events department in Risk Management, headed by Jacqueline Watkins.

13.Plaintiff never received any assistance even though he requested it, and Defendant had a practice, policy, and custom of not to following any of the proper steps of their own rules and regulations.

12.In the year 2020, Plaintiff informed Defendant that he was having memory issues believed to be from stress, due to the event on August 5, 2019, and that he really needed some treatment. Plaintiff informed Defendant through Sgt. Jeff Kempt, and also left a voice message with Defendant through the mental health liaison Laura Brown, but never received any help.

13.     Then, on or about September 29, 2021, there was a school fight and Plaintiff was involved in breaking up the matter.

14 .    Plaintiff was described as being on edge by Defendant, but he still was not sent to Risk Management or provided any treatment, even though he requested it.

15.     Plaintiff was then placed on administrative leave by Defendant on September 30, 2021.

16.     Plaintiff was still given no treatment and forced to go to work in court in November of 2021 with the person who failed to properly back him up and assist him in the event from September 29, 2021.

17.     Defendant did this intentionally and placing Plaintiff in the courts was considered an unspoken punishment by Defendant.

18.     On or about February 18, 2022, Plaintiff was finally allowed to go to Risk Management after he learned of the department from another deputy.

19.     Plaintiff had not received any treatment from Defendant prior to this point.

20.     Defendant through human Resources representative Janice Watkins then changed Plaintiff's status to On-the-Job Injury, from the status of Administrative Pay, acknowledging that it was an on the job injury that caused Plaintiff's conditions.

21.     However, Defendant then went on to deny Plaintiff any relief, alleging that Plaintiff had a pre-existing injury and thus, not qualifying as an On-the-Job Injury.  Please see attached.

22.     Plaintiff ultimately received a Right to Sue letter, which is the basis of this lawsuit.  Please see attached.

23.     Plaintiff has been harassed due to his disability, and Defendant was well aware of his condition of having PTSD.

24.     Defendant intentionally made Plaintiff's condition worse, and then refused to give him the necessary coverage.

25.     Defendant refused to advance, compensate, and ultimately terminated Plaintiff based on his PTSD, after Defendant made Plaintiff's PTSD worse.

26.     Defendant, by placing Plaintiff as a deputy in the courts, and by refusing to give him the treatment its own policies asserted were necessary, harassed Plaintiff and tried to get Plaintiff to quit.

27.     When that was not successful, Defendant simply discharged Plaintiff.

28.     Defendant made Plaintiff's work environment hostile by engaging in this conduct, and the hostility was intentionally created by Defendant.

29.     Plaintiff, based on his work history with Defendant, was clearly a qualified individual with a disability.

30.     Plaintiff was subjected to unwelcome harassment by Defendant, and Defendant refused to give Plaintiff mandatory and necessary treatment, altering Plaintiff's mental health, and his ability to perform the duties of his job as a deputy.

31.     Defendant not only failed to take action, but intentionally refused to do what was necessary to assist Plaintiff.

32.     Defendant has: intimidated Plaintiff with its conduct; interfered with Plaintiff's ability to work; interfered with Plaintiff's benefits; and ultimately terminated Plaintiff to avoid having to pay him.

33.     Defendant's harassment was severe and pervasive, preventing Plaintiff from being able to work, and greatly damaged his mental stability.

34.     Plaintiff was able to perform his job without any accommodations when he was initially hired and would have been able to continue to perform his job if Defendant would have provided him the treatment that he needed, sought, and that Defendant's policy required.

35.     Although Plaintiff had PTSD prior to his employment with Defendant, Plaintiff did not have trouble doing his job until after suffering from the on-the-job events with Defendant, and with Defendant refusing to

provide Plaintiff with any treatment.

36. Defendant failed to make, or even attempt to make, any reasonable accommodations.

37. Plaintiff's disability is a mental impairment that substantially limits his thinking, breathing, concentrating, thinking, communication, and speaking when he is suffering from it.

38. Plaintiff, knowing that he could continue to work at his typical high level with treatment, requested to be accommodated by Defendant with the treatment that Defendant had available to assist Plaintiff, and Defendant refused and failed to provide it.

39. Plaintiff acted in good faith in notifying all the proper personnel and sought help immediately.

40. Plaintiff also inquired as to if any accommodations could be made, and Defendant failed to accommodate Plaintiff, or give a basis as to why it would not accommodate Plaintiff.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Honorable Court:

A. Empanel a jury to try the issue of whether the Defendant violated the civil rights of Plaintiff and breached its contract with Plaintiff;

B. Enter a monetary judgment for Plaintiff awarding compensatory damages, including any back pay, emotional distress and any other compensatory damages, not to exceed $300,000, unless applicable; and punitive damages as allowed, not to exceed $1 million dollars, unless a jury sees fit.

C. Award any and all such other relief to which this Honorable Court finds that the plaintiff is justly entitled under the circumstances, including attorney fees and costs.

D. Declaring that Defendant discriminated against Plaintiff, and entering a monitoring system to prevent this conduct from occurring in the further; and

E. Entering an Order assigning Plaintiff to a position with Defendant that accommodates for his disability and providing back pay to Plaintiff.

Respectfully submitted,

*/s/ Terrell Tooten*
Terrell Tooten
Attorney for Plaintiff
1160 Vickery Lane Suite 2
Cordova, Tennessee 38016
(901) 609-3622 telephone
(901) 347-8776 fax.